UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In Re *Ex Parte* Application of LUCIANO FASCINA, VLADIMORO BARBERIO, ANDREA TURCO, LUCA RAPALLO, REMUS ROBU, CHRISTIAN TROUCHOT, OLIVIER GESTAS, ADOLF HEINRICH, JOSE VICENTE TEMES ZAFRILLA, and MARY PIPER, IAN WAYNE PIPER, and MARK SHAUN PIPER, individually and as heirs and relatives of BARRY PIPER, for Judicial Assistance in Obtaining Evidence for Use in a Foreign Tribunal Under 28 U.S.C. § 1782. | Civil Action No. _____ |

## *EX PARTE* APPLICATION FOR JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE FOR USE IN A FOREIGN PROCEEDING UNDER 28 U.S.C. § 1782

1. Pursuant to 28 U.S.C. § 1782 and Federal Rule of Civil Procedure 45, Luciano Fascina, Vladimoro Barberio, Andrea Turco, Luca Rapallo, Remus Robu, Christian Trouchot, Olivier Gestas, Adolf Heinrich, Jose Vicente, Temes Zafrilla, and Mary Piper, Ian Wayne Piper, and Shaun Piper, individually and as heirs and relatives of Barry Piper ("Applicants") request this Court's assistance in obtaining documentary evidence from Labcorp Bedford LLC, formerly known as Toxikon, LLC ("Toxicon"), for use in a civil action pending in Milan, Italy.

2. Applicants' request for discovery is based upon this Application and the accompanying Memorandum of Law in Support of *Ex Parte* Application for Judicial Assistance in Obtaining Evidence for Use in a Foreign Proceeding Under 28 U.S.C. § 1782

1

and the declaration and exhibits attached thereto. A proposed discovery order is attached as **Exhibit 1**, and the proposed subpoena is attached as **Exhibit 2**.

3. A district court may grant discovery pursuant to 28 U.S.C. § 1782 if the following statutory requirements are met: "1) the person from whom discovery is sought 'resides or is found' in the district where the court sits; 2) the request seeks evidence (the 'testimony or statement' of a person or the production of a 'document or other thing') 'for use in a proceeding in a foreign or international tribunal'; 3) the request is made by a foreign or international tribunal or by 'any interested person'; and 4) the material sought is not protected by 'any legally applicable privilege.'" *In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018).

4. As set forth in the accompanying Memorandum of Law, Applicants meet the requirements of 28 U.S.C. § 1782. Applicants seek documentary evidence from Toxikon, which resides and is found in this District at 15 Wiggins Avenue, Bedford, Massachusetts, for use in pending court proceedings in the Court of Milan. Applicants are interested persons because they are parties to the Italian proceedings. Applicants seek one lab report from Toxikon (which was partially published online by the Pittsburgh Post-Gazette) and non-privileged written communications relating to that report.

5. A court may allow the requested discovery if the balance of four discretionary factors found in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004), (the "*Intel* factors") favors disclosure. As explained in the accompanying Memorandum of Law, Applicants meet the statute's requirements, and *Intel's* discretionary factors weigh in favor of allowing the requested discovery.

6. The requested discovery is narrowly tailored and unimposing, seeking a limited set of documents relevant to proving Applicants' case in Italy. Because Toxikon is not a party to the Italian case, the need for judicial assistance under 28 U.S.C. § 1782 is apparent. Applicants can submit evidence obtained from Toxikon in the United States to the Court of Milan for consideration.

7. Pursuant to 28 U.S.C. § 1782, Applicants request an order allowing the following discovery from Toxikon:

(1) A complete copy of the June 2008 report issued by Toxikon titled "Toxikon Final GLP Report: 08-2417-G1," a portion of which was published by the Pittsburgh Post-Gazette in July 2024.

(2) All non-privileged written communications (i.e., faxes, letters, emails) exchanged between and/or among Toxikon, Philips, and/or Polymer Technologies Inc. related to the June 2008 report issued by Toxikon titled "Toxikon Final GLP Report: 08-2417-G1."

Applicants intend to use these documents in the Italian litigation to help prove that the polyurethane foam contained in certain CPAP, Bi-PAP, and mechanical ventilator devices was and is cytotoxic and that Philips RS North America, LLC and its European affiliates (collectively "Philips") were aware of that cytotoxicity since at least 2008. The request is straightforward, narrowly tailored, and relevant to Applicants' claims in the Italian litigation.

8. For the reasons set forth above and in the accompanying Memorandum of Law, Applicants respectfully ask the Court to grant their Application and issue an order authorizing them to serve the subpoena attached as **Exhibit 2**.

DATED: March 31, 2025                    */s/ Susan M. Ulrich*

**WATERS KRAUS PAUL SIEGEL**

3

Susan M. Ulrich
BBO No. 676649
11601 Wilshire Boulevard
Suite 1900
Los Angeles, California 90025
Telephone: (310) 414-8146
Facsimile: (310) 414-8156
sulrich@waterskraus.com

Charles S. Siegel (*pro hac pending*)
Texas State Bar No. 18341875
Taryn E. Ourso (*pro hac pending*)
Texas State Bar No. 24107315
3141 Hood Street
Suite 700
Dallas, Texas 75219
Telephone: (214) 357-6244
Facsimile: (214) 357-7252
siegel@waterskraus.com
tourso@waterskraus.com

*Counsel for Applicants*